UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL VEGA,<br><br>           Plaintiff,<br><br>      v.<br><br>GALLINDO,<br><br>           Defendant. | 1:14-cv-01268-MJS-(PC)<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND**<br>**(ECF No. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action filed on August 4, 2014 pursuant to 42 U.S.C. § 1983.

The Complaint is before the Court for screening.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights,

1

privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id*. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id*. at 667-68.

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendant Corcoran State Prison ("CSP") Correctional Officer Gallindo.

Plaintiff claims that Defendant Gallindo handled more than twenty items of Plaintiff's outgoing personal mail addressed to outside agencies and family. Plaintiff has

2

not received any response to these letters. He claims Gallindo tampered with his mail so as to prevent its delivery or response.

Plaintiff seeks monetary damages and an order that Gallindo be investigated for fraud.

### IV.  DISCUSSION

#### A.  Mail Tampering and Due Process

While prisoners have a First Amendment right to send and receive mail, *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir. 1995), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests, *Prison Legal News v. Lehman,* 397 F.3d 692, 699 (9th Cir. 2005), citing *Turner v. Safley,* 482 U.S. 78, 89 (1987).

The Due Process Clause prohibits depriving any person of life, liberty, or property without "due process of law." *Dusenbery v. U.S.,* 534 U.S. 161, 167, citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950). "[W]ith hold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards." *Procunier v. Martinez,* 416 U.S. 396, 417–18 (1974), overturned in part by *Thornburgh v. Abbott,* 490 U.S. 401, 413–14 (1989). The "minimum procedural safeguards" are: (1) notifying the inmate that the mail was seized; (2) allowing the inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail. *Id.,* at 418–19; *Krug v. Lutz,* 329 F.3d 692, 698 (9th Cir. 2003).

Plaintiff's claim that Defendant tampered with his mail is based solely on Plaintiff's failure to receive responses to his letters. Plaintiff implies that Defendant Gallindo somehow improperly processed his mail so that he received no responses, but he provides no facts, beyond the non-responses, to support such a claim. The absence of

responses may be attributable to tampering by prison staff, but it is just as likely it resulted from conduct not implicating a rights violation, such as mis-delivery, non-delivery and delays by third parties, legitimate institutional delay, and simple failure of addressees to respond. None of these other reasons implicates a violation of a constitutional right.

The mere possibility Defendant violated Plaintiff's rights is not enough to state a claim. *Iqbal,* 129 S .Ct.1949–50. To state a claim Plaintiff must allege **facts** demonstrating that Defendant tampered with his mail and did so without any legitimate penological interest. The Court will grant Plaintiff leave to amend. The amended complaint should explain how exactly Plaintiff's mail was tampered with, when, where, who was responsible, what if any reasons were given or reflected in mail logs, and how Plaintiff is aware of these facts. *Iqbal*, 556 U.S. at 678. Plaintiff must also demonstrate that the tampering was not an isolated occurrence. Limited incidents of mail interference or tampering will not support a claim under section 1983 for violation of Plaintiff's constitutional rights. *See Davis v.* Goord, 320 F.3d 346, 351 (2d. Cir.2003); *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir.1997); *Smith v. Maschner,* 899 F.2d 940, 944 (10th Cir.1990).

## V.   CONCLUSIONS AND ORDER

The Complaint does not state a cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with

4

this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed on August 4, 2014,

2. Plaintiff's Complaint (ECF No. 1 is DISMISSED for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, the action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v, Di Vittorio*, 658 F.3d 1090, 1098 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:  August 26, 2014         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE