UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL VEGA,<br><br>               Plaintiff,<br><br>   v.<br><br>GALLINDO,<br><br>               Defendant. | 1:14-cv-01268-MJS-(PC)<br><br>**ORDER DIRECTING CLERK TO FILE LODGED SECOND AMENDED COMPLAINT**<br>**(ECF No. 13)**<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 USC § 1915(g)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action filed on August 4, 2014 pursuant to 42 U.S.C. § 1983.

      The Complaint was dismissed for failure to state a claim, but Plaintiff was granted leave to file an amended pleading. On September 8, 2014, Plaintiff filed a First Amended Complaint. On September 17, 2014, Plaintiff lodged a Second Amended Complaint, which is before the Court for screening.

**I.      SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II.  PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that

a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

## III.  SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendant Corcoran State Prison ("CSP") Correctional Officer Gallindo and alleges essentially as follows:

Defendant Gallindo handled more than twenty items of Plaintiff's outgoing personal mail addressed to outside agencies and family. Plaintiff has not received any response to these letters. He claims Gallindo tampered with his mail so as to prevent its delivery or response.

Plaintiff seeks monetary damages and an order that Gallindo be investigated for fraud.

## IV.  DISCUSSION

### A.  Mail Tampering and Due Process

While prisoners have a First Amendment right to send and receive mail, *Witherow v. Paff,* 52 F.3d 264, 265 (9th Cir. 1995), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests, *Prison Legal News v. Lehman,* 397 F.3d 692, 699 (9th Cir. 2005), citing *Turner v. Safley,* 482 U.S. 78, 89 (1987).

The Due Process Clause prohibits depriving any person of life, liberty, or property without "due process of law." *Dusenbery v. U.S.,* 534 U.S. 161, 167, citing *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950). "[W]ith hold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards." *Procunier v. Martinez,* 416 U.S. 396, 417–18 (1974), overturned in part by *Thornburgh v. Abbott,* 490 U.S. 401, 413–14 (1989). The "minimum procedural safeguards" are: (1) notifying the

3

inmate that the mail was seized; (2) allowing the inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail. *Id.,* at 418–19; *Krug v. Lutz,* 329 F.3d 692, 698 (9th Cir. 2003).

The Second Amended Complaint simply repeats allegations in the Complaint which the Court found deficient on initial screening. These allegations remain deficient for reasons stated in the prior screening order. (ECF No. 7.) and summarized again below.

Plaintiff's "impression" that Defendant tampered with his mail is based solely on the fact Plaintiff received no responses to his letters. Plaintiff provides no facts, beyond the non-responses, to support such a claim. Clearly the absence of responses may be attributable to things having nothing whatsoever to do with Defendant Gallindo or violation of a constitutional right. While Defendant's "handling" of Plaintiff's mail suggests he had an opportunity to interfere with it, the mere possibility is not enough to state a claim. *Iqbal,* 129 S .Ct.1949–50. A valid claim must allege facts demonstrating that Defendant did tamper with his mail without any legitimate penological interest. *Iqbal*, 556 U.S. at 678.

Plaintiff was previously instructed that an amended pleading would need to explain how exactly Plaintiff's mail was tampered with, when, where, who was responsible, what if any reasons were given or reflected in mail log(s) and seizure notice(s), and how Plaintiff was made aware of these facts. The Second Amended Complaint does not address these matters.

## V.   CONCLUSIONS AND ORDER

The Second Amended Complaint does not state a claim. Plaintiff was previously advised of the deficiencies in his claims. His failure to successfully correct the noted

deficiencies reasonably suggests the futility of further amendment.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to file the Second Amended Complaint lodged on September 17, 2014 (ECF No. 13),

2. Plaintiff's Second Amended Complaint (ECF No. 13) is DISMISSED for failure to state a claim, further amendment would be futile and is denied,

3. The action is DISMISSED WITH PREJUDICE for failure to state a claim, dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); *Silva v. Di Vittoria*, 658 F.3d at 1009, 1098 (9th Cir. 2011), and

4. Any and all pending motions shall be terminated and the Clerk of the Court shall CLOSE this case.

IT IS SO ORDERED.

Dated: September 29, 2014      /s/ *Michael J. Seng*
                               UNITED STATES MAGISTRATE JUDGE